EGON VON NOVELLY ET AL. v. JOHN H. CARPENTER ET AL.

Submitted December 2, 1915—Decided June 8, 1916.

1. Under section 215 of the Practice act (*Comp. Stat., p.* 4119), only fundamental questions may be certified to the Supreme Court; that is, questions the answers to which will enable the Circuit Court to render judgment for the one party or the other without any further proceedings in the cause on its part.
2. The rule or order authorized by section 252 of the Practice act (*Comp. Stat., p.* 4128), when made, transfers such matters as come within its purview to the Supreme Court for its consideration and determination.

On case certified from the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiffs, *Roe, Runyon & Autenreith.*

For the defendants, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present action was brought to recover damages for breach of a contract. The complaint contains four counts. The defendants, contending that the second, third and fourth counts of the complaint to be bad, moved before the Circuit Court to strike them out. That court, conceiving that certain matters involved in the determination of the motion presented questions of doubt and difficulty, certified them to this court for its advisory opinion thereon.

Section 215 of our Practice act (*Comp. Stat., p.* 4119), which authorizes the Circuit Court to certify questions of doubt or difficulty, to be argued at the bar of the Supreme Court, provides that, after the Supreme Court has heard the same and certified its opinion thereon to the Circuit Court, the latter court "shall render judgment therein in conformity to such opinion." In *McDonald* v. *Central Railroad Co.,* 88 *N. J. L.* 11, we held that under this statutory provision only fundamental questions might be certified—that is, questions which are dispositive of the litigation and the answers to which will enable the Circuit Court to render judgment for the one party or the other without any further proceedings in the cause on its part. The questions certified in the present case are not of the character indicated. They only relate to the validity of certain counts in the complaint; and, even if those counts should be held to be bad, no final judgment can be entered in the cause either for or against the plaintiffs. The other counts of the complaint remain to be answered by the defendants, and on the issues thus formulated a trial must be had.

The Circuit Court judge has stated in the record sent to us that the questions were certified pursuant to section 252 of the Practice act (*Comp. Stat., p.* 4128), which provides that "Any justice of the Supreme Court or judge of the Circuit Court, to whom application may be made for any rule or order by virtue of this act, may refer the same to the Supreme Court and make such order for the taking of testimony and for stay of proceedings as may be equitable." This section, however, does not contemplate the rendition of advice by the Supreme Court to a judge of the Circuit Court for his guidance in acting upon such application; but is intended to transfer such matters as come within its purview to the Supreme Court for its consideration and determination, and consequently affords no basis for the procedure adopted by the Circuit Court in the present case.

The certified case will be dismissed.